# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-1267

_____

| | | |
|---|---|---|
| Larry G. Wynne, | * | |
| | * | |
| Appellant, | * | Appeal from the United States |
| | * | District Court for the Southern |
| v. | * | District of Iowa. |
| | * | |
| Iowa Interstate Railroad, Ltd., | * | [UNPUBLISHED] |
| | * | |
| Appellee. | * | |

_____

Submitted:  September 12, 2001

Filed:   September 20, 2001

_____

Before LOKEN, RICHARD S. ARNOLD, and FAGG, Circuit Judges.

_____

PER CURIAM.

The Iowa Interstate Railroad, Ltd. employed Larry G. Wynne as a conductor. After injuring his shoulder on the job in 1990, Wynne was placed on medical leave through 1996. During his leave, Wynne sought a promotion to engineer, a job he could perform despite his injury, and applied for the required special training. When Wynne was not selected, he filed a complaint alleging age and disability discrimination. The Railroad later fired Wynne for dishonesty related to reports he submitted about his disability, and Wynne amended his complaint to allege retaliation. A jury returned a verdict in the Railroad's favor on all counts. Wynne filed a motion for judgment as a

matter of law (JAML), or in the alternative, for a new trial, on his age discrimination and retaliation claims. The district court[*] denied the motion, concluding the evidence supported the jury's verdicts.

On appeal, Wynne contends the district court should have granted his motion for JAML or motion for a new trial on his age discrimination and retaliation claims because the evidence did not support the jury's verdicts. We review the district court's denial of a JAML motion de novo and the denial of a new trial motion for abuse of discretion. Inacom Corp. v. Sears, Roebuck & Co., 254 F.3d 683, 688 (8th Cir. 2001). To prevail, Wynne must show that all the evidence points in his direction and is susceptible of no reasonable interpretation supporting the verdict. Id. at 689. Like the district court, we hold Wynne failed to satisfy this burden. Viewing the evidence in the light most favorable to the verdict and drawing all reasonable inferences in its favor, we conclude the jury could reasonably find Wynne was not qualified to perform the engineer position or receive training for it, and even if he was, the Railroad had legitimate, nondiscriminatory reasons for refusing to offer Wynne the training, and Wynne failed to show the nondiscriminatory reasons were a pretext for discrimination. See Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 142-43 (2000). As for his retaliation claim, the jury could reasonably find there was no causal link between Wynne's filing of a discrimination complaint and the dishonesty charge that led to his termination. Kiel v. Select Artificials, Inc., 169 F.3d 1131, 1136 (8th Cir. 1999) (en banc). Because an in-depth discussion of the issues would serve no useful purpose, we affirm on the basis of the district court's order denying Wynne's motion. See 8th Cir. R. 47B.

---

[*]The Honorable Ronald E. Longstaff, Chief Judge, United States District Court for the Southern District of Iowa.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.